# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>　　　　Defendant. | No. CV 04-2873 PHX-DGC<br><br>**ORDER** |

　　　　The parties have filed a stipulation regarding pretrial deadlines. *See* Doc. #45. The stipulation seeks to extend the discovery deadline in this case from December 16, 2005 to June 16, 2006. The stipulation also seeks to extend the deadline for dispositive motions from January 20, 2006 to July 14, 2006. The only explanation provided by the parties is the following: "Due to issues regarding the timing of document production in this case and the scheduling of depositions, the parties have determined that an extension is required to complete discovery in this case." Doc. #45 at 2.

　　　　Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court established a litigation schedule in the Case Management Order dated May 19, 2005. *See* Doc. #11. The Order specifically advised the parties that the deadlines were to be enforced. *See* Doc. #11, ¶ 10. Rule 16 provides that a schedule established in a case management order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). This "good

1  cause" standard primarily considers the diligence of the parties seeking the amendment.
2  *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court
3  may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the
4  parties seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Advisory Committee Notes
5  (1983 Amendment)).

6        The Stipulation does not establish good cause for an extension of the litigation
7  schedule. It fails to explain the reasons for the delay and says nothing about the parties'
8  diligence in pursuing discovery. A review of the docket in this case shows that Plaintiffs
9  have served four written discovery requests. *See* Doc. ## 5, 18, 21, 41. The docket reflects
10 no written discovery requests from Defendants and no notices of deposition. This record
11 does not support a conclusion that the parties have been unable to comply with the
12 existing litigation schedule despite diligent discovery.

13       The Court does recognize that substantial discovery disagreements arose between
14 the parties. These disagreements ultimately were resolved by the Court. *See* Doc. #38. For
15 this reason, the Court will grant a modest extension of the deadlines, but not the six months
16 requested by the parties.

17       All fact discovery shall be completed by **February 24, 2006**. Dispositive motions
18 shall be filed on or before **March 4, 2006**. All other terms of the Court's Case Management
19 Order (Doc. #11) shall remain in effect.

20       DATED this 24th day of October, 2005.

David G. Campbell
United States District Judge

- 2 -