**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; and Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendants. | No. CV-04-2873-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss the Maricopa County Sheriff's Office ("MCSO") from this case, arguing that it is not a jural entity subject to suit. Doc. #12. Plaintiffs have filed a response to the motion and Defendants have filed a reply. Docs. ##13, 17.

The parties agree that there is no controlling Arizona case on point. Arizona courts have expressly declined to resolve the issue. *See Flanders v. Maricopa County*, 54 P.3d 837, ¶ 66 (Ariz. Ct. App. 2002). Judges on this court have reached differing conclusions. *Compare Agster v. Maricopa County*, No. CV-02-1686-PHX-JAT (March 3, 2005 Order), *with Hayes v. Maricopa County Sheriff's Office*, No. CV-03-2550-PHX-NVW (July 28, 2004 Order).

The parties agree that Maricopa County is a political subdivision subject to suit. Indeed, Arizona statutes expressly so provide. *See* A.R.S. §§ 11-201(A)(1), 11-202(A).

Arizona statutes further provide that the sheriff is an enumerated officer of the County. *See* A.R.S. § 11-401(A)(1). As with other enumerated county officers, the statutes permit the sheriff "by and with the consent of, and at salaries fixed by" the county board of supervisors, to "appoint deputies, stenographers, clerks and assistants necessary to conduct the affairs of their respective offices." A.R.S. § 11-409. Because the sheriff has exercised this authority and created a substantial office to assist him in carrying out his responsibilities, Plaintiffs argue that the MCSO constitutes a separate political subdivision subject to suit in this case.

Plaintiffs cite *McClanahan v. Cochise College*, 540 P.2d 744 (Ariz. Ct. App. 1975), in support of their position. *McClanahan* states that "[t]he attributes which are generally regarded as distinctive of a political subdivision are that it exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for subordinate self-government by officers selected by it." *Id.* at 747. Plaintiffs argue that the MCSO satisfies each of these criteria: it exists for the purpose of discharging the core governmental function of law enforcement, it operates within the prescribed area of Maricopa County, and it possesses authority to select officers for purposes of self-government.

Although the Court agrees that the three-part test in *McClanahan* appears to be satisfied, the Court has difficulty distinguishing these three distinctive attributes from those already belonging to Maricopa County. Because many offices within county government could be said to satisfy these three requirements, Plaintiffs' logic would seem to suggest that many parts of the County's operation constitute separate political subdivisions subject to suit. The Court cannot agree with this broad proposition, particularly when the Arizona Legislature specifically has stated that the County is a political subdivision with authority to sue and be sued and has not made the same declaration with respect to the MCSO. *See* A.R.S. §§ 11-201(A)(1), 11-202(A).

The MCSO is a sub-part of the County. The fact that the statutes identify the sheriff as one of nine enumerated County officers and authorize the sheriff to hire other

employees to assist him in the discharge of his responsibilities does not, in the Court's view, reveal an intent on the part of the Legislature to treat the MCSO as a separate political subdivision. Other cases support this conclusion. *See Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996) ("'Where a police department is an integral part of the city government as the vehicle through which the city government fulfills it policing functions, it is not an entity subject to suit.'") (citation omitted); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (holding that a sheriff's department was not a proper party to the suit because the county had not expressly "grant[ed] the servient agency with jural authority"); *Sullivan v. Chastain*, No. Civ.A.SA04CA0803XR, 2005 WL 354032, *2 (W.D. Tex. 2005) (dismissing a county constable office because "an entity without a separate jural existence is not subject to suit"); *see also Del Tufo v. Township of Old Bridge*, 650 A.2d 1044, 1046 n.1 (N.J. Super. Ct. App. Div. 1995) ("'Old Bridge Township Police Department' is probably not a jural entity and is therefore probably not subject to suit in its own name.").

Plaintiffs also argue that the Court need not decide this issue for the same reason that the Arizona Court of Appeals declined to decide it in *Flanders*. The Court does not agree. *Flanders* declined to decide the question because it already had affirmed the judgment and its collectibility on other grounds. *See Flanders*, 54 P.3d ¶ at 66. Moreover, the Court of Appeals in *Flanders* specifically instructed that counsel and courts should "resolve questions of proper parties and 'jural' entities at the outset of the case rather than after the verdict." *Id.* at ¶ 66 n. 11. Defendants filed their motion to dismiss shortly after the case management conference and thereby complied with the Court of Appeals' direction that these issues be raised and resolved early.

Finally, Plaintiffs argue that there is no "case or controversy" concerning the status of the MCSO as a jural entity. This argument is simply incorrect. Plaintiffs have sued the MCSO. A motion to dismiss the MCSO has been filed. A clear controversy exists.

The Court concludes that Plaintiffs have not shown the MCSO to be a jural entity separate from Maricopa County. The Court cannot conclude from the statutes that the

Arizona Legislature intended the MCSO to have such status. And although the three-part test applied to a community college district in *McClanahan* appears to be satisfied, the Court cannot comfortably conclude that the test should be used to create new and separate political subdivisions out of sub-parts of larger entities the Legislature has expressly declared to be political subdivisions.

Plaintiffs have sued the County and individual defendants. Dismissal of the MCSO will not deprive them of any remedy to which they are entitled.

**IT IS ORDERED** that Defendant Maricopa County Sheriff's Office motion to dismiss (Doc. #12) is **granted**.

DATED this 15th day of November, 2005.

David G. Campbell
United States District Judge