**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendant. | No. CV 04-2873 PHX-DGC<br><br>**ORDER** |

On March 22, 2006, the Court held a discovery conference call with the parties. Defendants sought a protective order barring the depositions of Mr. Crowley and Mr. Liebert concerning matters addressed in the Liebert Report, a study and analysis of the Maricopa County criminal justice system and its jails. The Court concluded that both witnesses possess relevant information within the broad parameters of relevance for discovery purposes, but that briefing was required on various privilege and evidentiary issues raised during the conference call by Defendants. Doc. #99. The parties have filed memoranda on these issues. Docs. ##100, 101.

**I.    Deliberative Process Privilege.**

Defendants contend that the Liebert Report and testimony related to it are protected from disclosure by the deliberative process privilege. The Ninth Circuit recognized this privilege in *FTC v. Warner Communications Inc.*, 742 F.2d 1156 (9th Cir. 1984). The court in *FTC* explained that the "privilege permits the government to withhold documents that

1  reflect advisory opinions, recommendations and deliberations comprising part of a process
2  by which government decisions and policies are formulated." *Id*. at 1161. The privilege was
3  "developed to promote frank and independent discussion among those responsible for
4  making governmental decisions, and also to protect against premature disclosure of proposed
5  agency policies or decisions." *Id*. (citations omitted). "The ultimate purpose of the privilege
6  is to protect the quality of agency decisions." *Id*.

**II.   Plaintiffs' Privilege Arguments.**

Without providing a rationale for their position, Plaintiffs argue that the privilege does not apply to local governments. The Court does not agree. As one court has explained:

> [T]here is no principled distinction between the County Supervisors and those government officials who currently enjoy a deliberative process privilege. If there exists a need to protect candid, private communications among federal executive officials and their staff, the need to protect candid, private communications among county officials and their staff is no less compelling.

*United States v. Irvin*, 127 F.R.D. 169, 172 (C.D. Cal. 1989).

Plaintiffs cite several cases for the proposition that the privilege does not apply to local governments, but these cases are readily distinguishable. The court in *Corporacion Insular de Seguros v. Garcia*, 709 F.2d 288, 298 (D.P.R. 1989), declined to extend the privilege to legislators, noting that the legislative function should be among the most transparent in government; the court did not distinguish between federal and local governments. The court in *Anderson v. Marion County Sheriff's Dept.*, 220 F.R.D. 555, 561 n. 4 (S.D. Ind. 2004), did not decide the question of whether the privilege should be applied to local governments. And the court in *Allen v. Chicago Transit Authority*, 198 F.R.D. 495, 502 (N.D. Ill. 2001), declined to extend the privilege to Illinois government agencies on the basis of Illinois court decisions, not on the basis of some distinction between federal and local governments. In the absence of any articulated basis for Plaintiffs' position, and for the reasons set forth in *Irvin*, the Court concludes that the deliberative process privilege applies to local government agencies as well as federal agencies.

Plaintiffs next argue that the privilege does not apply because Mr. Liebert is not a county employee. Again, Plaintiff's cases are readily distinguishable. The court in *Van*

- 2 -

*Bourg v. NLRB*, 751 F.2d 982 (9th Cir. 1985), held that the privilege did not extend to documents prepared by private parties in the course of an unfair labor practice investigation by the NLRB. This is a far different situation from a document prepared by a government contractor. Indeed, the Ninth Circuit in *Van Bourg*, which was addressing an exemption to the Freedom of Information Act, noted that the exemption applied "to internal agency documents *or documents prepared by outsiders who have a formal relationship with the agency*." *Id*. at 985 (emphasis added).

Similarly, the court in *County of Madison v. Dep't of Justice*, 641 F.2d 1036 (1st Cir. 1981), held that documents prepared by "potential adversaries" of a government agency cannot be covered by that agency's deliberative process privilege. *Id*. at 1040. The court expressly noted, however, that some federal cases have applied the privilege to "communications from outside consultants that an agency calls upon to assist it in internal agency decisionmaking." *Id*. Plaintiffs' cases do not support their argument.

Finally, Plaintiffs argue that the Liebert Report is not pre-decisional or deliberative within the meaning of the privilege. Plaintiffs appear to base this argument solely on the fact that the report was created before the events at issue in this case. Although the pre-existence of the report might make it relevant to Defendants' state of mind at the time of the events in question, it does not mean that the report was not pre-decisional or deliberative when created. If Defendants can show that the Liebert Report was created as part of a deliberative process, the privilege will apply regardless of whether events in this case occurred after the report's creation.

**III.    Privilege Requirements and Limits.**

The Ninth Circuit has held that a document must meet two requirements for the deliberative process privilege to apply. "First, the document must be pre-decisional – it must have been generated before the adoption of an agency's policy or decision." *FTC*, 742 F.2d at 1161. "Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id*. "Purely factual material that does not reflect deliberative processes is not protected," but the privilege does extend to "factual

material in the memoranda [which] is so interwoven with the deliberative material that it is not severable." *Id.*

The privilege is not absolute. "A litigant may obtain deliberative materials if his or her need for the material and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* "Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussions regarding contemplated policies and decisions." *Id.*

### IV.  Additional Submission and Briefing.

The Court cannot determine, on this record, whether the Liebert Report is subject to the deliberative process privilege and, if so, whether Plaintiffs can make the showing necessary to overcome the privilege. On or before **April 14, 2006**, Defendants shall provide the Court with a copy of the Liebert Report (the few-hundred-page report, not the 10,000 pages of supporting material), along with a memorandum, no longer than five pages in length, explaining why the report satisfies the requirements and limits of the privilege set forth above. Defendants shall support assertions in the memorandum with appropriate affidavits. On or before **April 21, 2006**, Defendants shall file a five-page response memorandum and shall include any showing they desire to make as to why the privilege should be overcome in this case. On or before **April 28, 2006**, Defendants may file a three-page reply addressing Plaintiffs' arguments that the qualified privilege has been overcome. Because of the need for this additional briefing, the deposition scheduled for March 31, 2006 will not occur.

### V.  Other Issues.

Defendants make two other arguments in support of their request for a protective order, neither of which is persuasive. The immunity created by A.R.S. § 12-820.01, whether or not applicable in this case, cannot be construed as an evidentiary privilege that precludes discovery. Moreover, "[i]n federal question cases, federal privilege law applies." *NLRB v. North Bay Plumbing*, 102 F.3d 1005, 1009 (9th Cir. 1996).

Nor does the Court conclude that the requested discovery is precluded by Federal Rule of Evidence 407. Defendants have not argued or shown that the Liebert Report was created after the events at issue in this case. To the contrary, they specifically argued that it was created before those events. The report therefore cannot be regarded as a subsequent remedial measure within the meaning of Rule 407.

**IT IS ORDERED:**

1. The parties shall complete the briefing set forth above. Defendants' counsel shall contact the Court's chambers to advise the Court when the reply brief has been filed.

2. The deposition of Mr. Liebert currently scheduled for March 31, 2006 shall be postponed until after the Court rules on this issue.

DATED this 29th day of March, 2006.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge