**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendant. | No. CV 04-2873 PHX-DGC<br><br>**ORDER** |

On April 12, 2006, the Court held a discovery conference call with the parties. Several issues were addressed. On the basis of the conference call, the Court enters the following orders:

1. On or before April 28, 2006, Plaintiff Terry Wilson shall appear for the completion of his Rule 35 psychological examination by Dr. Hammer. Completion of the examination shall be limited to two hours. Dr. Hammer will be permitted to videotape and audio tape the completion of the examination. The Court will not limit the scope of Dr. Hammer's examination.

On or before April 28, 2006, Plaintiff Pearl Wilson shall appear for a Rule 35 psychological examination by Dr. Hammer not to exceed seven hours, excluding breaks. The examination may be audio taped and videotaped by Dr. Hammer. The Court will not limit the scope of Dr. Hammer's examination.

1      Within 48 hours of the completion of each examination, Defendants shall provide
2 Plaintiffs' counsel with complete copies of the audio and video recordings of the
3 examinations. The Court has not ruled that the recordings will be admissible at trial. The
4 parties retain all available objections to the admissibility of such recordings.

5      The Court has reviewed relevant case law. There is no uniform rule in the federal
6 courts on whether the recording of Rule 35 examinations is permitted or prohibited. *Sidari*
7 *v. Orleans County*, 174 F.R.D. 275, 291 (W.D.N.Y. 1996). The decision is case-specific.
8 The need for flexibility is illustrated by the fact that the examined party in this case opposes
9 recording, whereas the examined party in other cases often demands recording. The Court
10 concludes that recording the examinations in this case will not interfere with the examination,
11 will create a complete record of the questions asked and answered, and will not be admissible
12 in evidence without the parties first having a complete opportunity to address admissibility
13 issues.

14      2.      Because of the delay in completing the examinations of Plaintiffs, Defendants
15 seek an extension of time to file Dr. Hammer's expert report. During the telephone
16 conference, Defendants' expert requested until June 5, 2006, to complete her report. The
17 Court will not grant such a lengthy extension. The order setting an expert disclosure date of
18 April 14, 2006, was entered by the Court on November 9, 2005. Doc. #62. Defendants had
19 ample notice of the need to schedule examinations of Plaintiffs in order to prepare their
20 expert report. Despite this fact, Defendants did not schedule the examinations until late
21 March 2006, and did not issue the notice for the examinations until March 22, 2006.
22 Although Defendants stated during the conference call that they attempted to discuss
23 scheduling with Plaintiffs before the notice was issued, it is evident that Defendants waited
24 more than four months to begin the process of scheduling the examinations. Defendants have
25 had ample time to schedule the examinations, and the Court will not grant an extension of
26 the expert disclosure dates that will alter the ultimate deadline in this case for filing
27 dispositive motions.

28      Thus, with respect to Dr. Hammer's report only, Defendants will have until

- 2 -

1    **May 22, 2006**, to file an expert report. Plaintiffs shall have until **June 16, 2006** to file a
2    rebuttal report.[1] The expert deposition of Dr. Hammer shall be completed no later than
3    **June 30, 2006**, and dispositive motions shall be filed on **July 14, 2006**. All other deadlines
4    in this case shall remain in place for all other experts and all other matters.

5        3.    The Court will permit Plaintiffs to take a total of 19 fact depositions. The
6    Court concludes that this number is needed to reasonably complete discovery, and notes that
7    Defendants did not object to exceeding the 10-deposition limit either in the stipulation filed
8    by the parties on November 3, 2005 (Doc. #61) nor when the number of depositions actually
9    exceeded 10. Fourteen depositions have been completed to date.

10       4.    The Court ordered that the privilege and work product issues regarding a letter
11   written by Mr. Crowley to Sheriff Arpaio be addressed in the briefing to be filed by the
12   parties pursuant to the Court's order dated March 29, 2006 (Doc. #102). To permit the
13   parties to address this issue, the initial memoranda shall be extended from five pages to seven
14   and the reply memorandum shall be extended from three pages to five. Defendants shall
15   submit a copy of the letter to the Court with their briefing.

16       5.    The Court declined to hear argument concerning the number of requests for
17   production served by Plaintiffs in this case because Defendants did not raise that issue with
18   Plaintiffs' counsel before the conference call.

19       DATED this 14th day of April, 2006.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge

---

[1] Although this is less time than Plaintiffs had under the Court's original schedule, the Court concludes that Plaintiffs unnecessarily delayed resolution of the examination issue by unilaterally terminating the examination of Terry Wilson.

- 3 -