**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendant. | No. CV 04-2873 PHX-DGC<br><br>**ORDER** |

On March 29, 2006, the Court entered an order requiring additional briefing on Defendants' assertion of the deliberative process privilege. Doc. #102. The parties have now provided that briefing. Doc. ##110, 114, 121, 126.

**I.     The Liebert Report.**

The Ninth Circuit has held that a document must meet two requirements for the deliberative process privilege to apply. "First, the document must be pre-decisional – it must have been generated before the adoption of an agency's policy or decision." *FTC v. Warner Communication, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). "Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id*. The privilege is not absolute. "A litigant may obtain deliberative materials if his or her need for the material and the need for accurate fact-finding override the Government's interest in non-disclosure." *Id*.

1  Plaintiffs do not contest Defendants' assertion that the Liebert Report satisfies the 2 two-part test for application of the privilege. Rather, Plaintiffs argue that they have made the 3 showing necessary to overcome the privilege and, alternatively, that Defendants have waived 4 the privilege.

5  **A.  Has the Privilege Been Overcome?**

6  The Ninth Circuit has established a four-part analysis for determining whether the 7 privilege has been overcome: "1) the relevance of the evidence; 2) the availability of other 8 evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure 9 would hinder frank and independent discussions regarding contemplated policies and 10 decisions." *Id*. The Court will consider each of these factors separately.

11  (1) Plaintiffs have shown that the Liebert Report is relevant to Defendants' 12 knowledge of jail conditions before the events at issue in this case.

13  (2) Plaintiffs have not established that the Liebert Report is the only available 14 evidence regarding Defendants' knowledge. Plaintiffs have deposed a number of witness and 15 sought production of documents concerning Defendants' knowledge of allegedly hazardous 16 conditions at the jail. Nor have Plaintiffs shown that the report is the only evidence of 17 Defendants' response to the *Flanders* case. Plaintiffs have conducted other discovery, 18 including depositions, concerning Defendants' response to that case.

19  Plaintiffs' argument that Mr. Liebert's testimony is needed to authenticate his report, 20 explain his findings, attest to his investigation, and discuss his recommendations (Doc. #114 21 at 3) begs the question. The issue is not whether Mr. Liebert is the only available witness to 22 discuss his report, but rather whether the report is the only available evidence concerning 23 Defendants' knowledge of potentially hazardous conditions at the jail. It is not.

24  (3) Plaintiffs argue that the Liebert Report is the central issue in this case. Plaintiffs 25 cite cases such as *Anderson v. Marion County Sheriff's Dept.*, 220 F.R.D. 555, 560 (S.D. Ind. 26 2004), for the proposition that the deliberative process privilege is not available when 27 government misconduct is at issue. Plaintiffs' cases, however, concern allegations that the 28 deliberations themselves constitute the misconduct. For example, deliberations leading to

- 2 -


the termination of an employee cannot be protected under the privilege when the employee sues for wrongful termination because the deliberations themselves are the very events at issue in the case. *Id.* The same is not true of the Liebert Report. Plaintiffs' claim is not based on the creation of the Liebert Report or the deliberations related to it. Plaintiffs' claim is based on the beating death of Mr. Wilson. The Liebert Report may be relevant to Defendants' knowledge before the death, but it does not form the basis of the claim.

Relevance is addressed above as the first factor in this four-part analysis. This third factor – the government's role in the litigation – obviously calls for more than relevance. The deliberations reflected in the Liebert Report may be relevant, but they are not the central events at issue.

(4) Disclosure of the Liebert Report would potentially have a chilling effect on government deliberations. The Liebert Report is a classic example of internal government deliberations designed to formulate policies on important government functions. Evidence provided by Defendants makes clear that the report was commissioned as part of a long-term planning and evaluation effort for Maricopa County's criminal justice system. Candid exchanges of information are essential if government is to function effectively in such planning. To permit resulting deliberative documents to be used against the County in damages actions would surely chill the candor of the deliberations.

Considering the four factors identified by the Ninth Circuit, the Court concludes that the deliberative process privilege has not been overcome. Although the Liebert Report is relevant, that is only one of the factors to be considered. Plaintiffs can obtain other evidence concerning Defendants' knowledge in this case, including Defendants' response to *Flanders*; deliberations surrounding the Liebert Report are not the central issues in this case; and the report is a classic example of internal government deliberations that would be chilled by forced disclosure in subsequent liability cases.

**B.     Has the Privilege Been Waived?**

Plaintiffs contend that Defendants have waived any privilege applicable to the Liebert Report. Plaintiffs' memorandum gives the impression that Defendants have produced all

1 10,000 pages related to the report. Upon examination of Plaintiffs' evidence, however, the
2 Court has determined that Plaintiffs' waiver argument is based on the following facts:
3 Defendants produced 12 pages of material related to the Liebert Report in this litigation; an
4 internal newsletter described some of the recommendations of the Liebert report in a few-
5 paragraph article; the Liebert Report, like all other government deliberations in Arizona, was
6 discussed in open meetings; Defendants did not object to Plaintiffs' subpoena to Mr. Liebert,
7 even though Defendants steadfastly assert that they never received notice of the subpoena;
8 and portions of the report have been discussed in depositions in other cases. *See* Doc. #114
9 at 5-6.

10 These isolated instances cannot be construed as a wholesale waiver of the deliberative
11 process privilege with respect to the Liebert Report. The Court does conclude, however, that
12 a waiver has occurred with respect to the following information: Documents MC001727-32
13 and MC003502-09 produced to Plaintiffs in this litigation; the MCSO Round-Up Report for
14 October 2005, MCO005469-70; and the 14 deposition exhibits listed in paragraph 6 of the
15 Declaration of John T. White in Support of Plaintiffs' Brief re Overcoming the Deliberative
16 Process Privilege (Doc. #114, Att. 1, Ex. A).

17 Defendants argue that testimony about the deposition exhibits does not constitute a
18 waiver because counsel in the *Crenshaw* case, although part of the same firm as defense
19 counsel in this case, are different lawyers. The question for purposes of waiver, however,
20 is not whether a particular lawyer has waived the privilege, but whether the client has
21 waived the privilege. Defendants do not contest Plaintiffs' assertion that these deposition
22 exhibits have been used in discovery in the *Crenshaw* case without objection by Defendants.
23 The Court concludes that such use constitutes a waiver of the deliberative process privilege
24 with respect to these specific documents, regardless of whether present defense counsel took
25 part in the waiver.

26 **C.    Summary.**

27 The Court concludes that the Liebert Report is subject to the deliberative process
28 privilege, that Defendants have not made the showing necessary to overcome the qualified

1 privilege, and that Defendants have not waived the privilege with respect to the report as a
2 whole. The Court also concludes, however, that Defendants have waived the privilege with
3 respect to the specific documents identified above. Plaintiffs will be permitted to depose Mr.
4 Liebert with respect to these specific documents, but will not be permitted to inquire more
5 broadly into the work he performed in creating the Liebert Report.

6 **II.    The Crowley Letter.**

7 Plaintiffs make three arguments in support of their claim that the Crowley letter is not
8 privileged. None is persuasive.

9 First, Plaintiffs argue that Defendants have presented no evidence that the Crowley
10 letter was part of any deliberative process. Plaintiffs assert that the letter was written in the
11 normal course of business by the County Risk Manager, but Plaintiffs cite no authority for
12 the proposition that normal-course-of-business communications cannot fall within the
13 deliberative process privilege.

14 Defendants assert that the letter qualifies for the privilege because it is pre-decisional
15 (it was issued before a decision was made to retain an independent expert to evaluate the
16 Tents facility) and it is deliberative in nature because it contains a recommendation that a
17 third-party expert be retained. These assertions, which are confirmed by the letter itself,
18 show that the letter satisfies the two-part requirement for application of the privilege in the
19 Ninth Circuit. *See FTC*, 742 F.2d at 1161.

20 Second, Plaintiffs assert that they have made the showing necessary to overcome the
21 privilege in this case. Although the letter is relevant, that is only one of the factors to be
22 considered. Plaintiffs can obtain other evidence concerning Defendants' knowledge in this
23 case, including Defendants' response to *Flanders*; deliberations contained in the letter are
24 not the central issues in this case; and communications such as the letter would likely be
25 chilled by forced disclosure in subsequent liability cases.

26 Third, Plaintiffs assert that Defendants waived the privilege by permitting Mr.
27 Crowley to be deposed and by permitting the letter to be marked as an exhibit during the
28 deposition. The deposition transcript makes clear, however, that Defendants expressly

- 5 -

asserted the deliberative process privilege during the deposition and instructed Mr. Crowley not to answer questions concerning the substance of the letter. Defendants did not waive the privilege by this action.

Because each of Plaintiffs' arguments is unavailing, the deliberative process privilege applies to the Crowley letter.[1]

DATED this 12th day of May, 2006.

*David G. Campbell*
_____
David G. Campbell
United States District Judge

---

[1] These discovery issues initially arose in a discovery conference call on March 22, 2006. During that conference call Defendants asserted that discovery of the documents at issue was precluded by Federal Rule of Evidence 407. The Court subsequently rejected this argument with respect to the Liebert Report (*see* Doc. #102), but never addressed the issue with respect to the Crowley letter. The Court did not direct the parties to brief this issue, and need not decide it in light of the above ruling. The Court notes, however, that the Crowley letter was written in response to the *Flanders* case and might therefore fall within the parameters of Rule 407 in addition to being subject to the deliberative process privilege.

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28