**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Maricopa County, a public entity, et al., <br><br> Defendants. | No. CV-04-2873-PHX-DGC <br><br> **ORDER** |

Defendant Joseph Arpaio has filed a motion for order to show cause why witness John Morgan should not be held in contempt and a Rule 37(a)(2)(B) request to compel the deposition of John Morgan ("motion for order to show cause"). Doc. #174. Defendant also has filed a sealed motion for protective order requesting that any testimony provided by Mr. Morgan be sealed. Doc. #179. Mr. Morgan has filed a response to the motion for order to show cause and Defendant Arpaio has filed a reply. Docs. ##186, 190.[1] For the reasons set forth below, the Court will order that Mr. Morgan be re-deposed, deny Defendant's

---

[1] Defendants Maricopa County, Maria Leon, Mark Stump, Rocky Medina, and Mickie Curtis have joined Defendant Arpaio's motion for order to show cause. Doc. #189.

request that Mr. Morgan be held in contempt, and deny the motion for protective order without prejudice.[2]

### A.     Defendant's Motion for Order to Show Cause.

At his deposition in this case, Mr. Morgan invoked his Fifth Amendment privilege against self-incrimination and indicated that he would not answer any questions posed by Defendant's counsel other than questions regarding his name, address, telephone number, and social security number. Doc. #174 Ex. 4. Mr. Morgan's "blanket claim of privilege is simply not sufficient." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). "The only way the privilege can be asserted is on a question-by-question basis, and thus as to each question asked, [Mr. Morgan] has to decide whether or not to raise his Fifth Amendment right." *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000); *see United States v. Seifert*, 648 F.2d 557, 560 (9th Cir. 1980) ("[A] non-party witness cannot refuse to take the stand. His privilege arises only when he asserts it as to a question put to him, and it is for the court to say whether he is entitled to the privilege."); *United States v. Tsui*, 646 F.2d 365, 367 (9th Cir. 1981) ("Even when the District Court is satisfied that the witness has a valid Fifth Amendment claim with regard to some issues, the court must permit the questioning to establish the scope of the witness' claim and to determine whether there are other issue as to which the witness would not be able to assert the privilege.").

The Court will compel Mr. Morgan to appear at another deposition by **August 31, 2006**. Mr. Morgan may not assert a blanket claim of privilege to all potential questions posed by Defendant. Mr. Morgan may, of course, refuse on Fifth Amendment grounds to answer any "questions which present a 'real and appreciable danger of self-incrimination.'" *McCoy v. Comm'r of Internal Revenue*, 696 F.2d 1234, 1236 (9th Cir. 1983)

---

[2]The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

(quoting *United States v. Neff*, 615 F.2d 1235, 1238 (9th Cir. 1980)).[3]

Defendant may, by **September 15, 2006**, file a motion to compel answers to any questions that he believes Mr. Morgan has improperly refused to answer on Fifth Amendment grounds. Mr. Morgan may file a response to any such motion by **September 29, 2006**. No reply shall be filed.

If Defendant files a motion to compel answers, the Court will review the deposition transcript and relevant arguments and determine whether a hearing is needed to resolve the dispute. *See Neff*, 615 F.2d at 1239-40 ("In determining whether such a real and appreciable danger of incrimination exists, a [district court] must examine the 'implications of the question(s) in the setting in which (they are) asked.") (citation omitted); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("It is evident that the determination of whether the privilege has been properly invoked is for the district judge. The claimant is not the final arbiter of the validity of his assertion. A proper assertion of a Fifth Amendment privilege requires, at a minimum, a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim.").

### B. Defendant's Motion for Protective Order.

The Court will deny Defendant's motion for protective order without prejudice since Mr. Morgan has provided limited testimony in this case. Defendant may re-file the motion if he believes a protective order is needed following Mr. Morgan's re-deposition.

**IT IS ORDERED:**

1. Defendant Joseph Arpaio's motion for order to show cause why witness John Morgan should not be held in contempt and Rule 37(a)(2)(B) request to compel the deposition of John Morgan (Doc. #174) is **granted in part** and **denied in part** as set forth in this order.

2. Mr. Morgan shall be re-deposed by **August 31, 2006**.

---

[3]The Court will deny Defendant's request that Mr. Morgan be held in contempt because he appeared for his deposition and it was Defendant's counsel who chose not to proceed on a question-by-question basis. Doc. #174 Ex. 4.

3. Defendant may file a motion to compel answers by **September 15, 2006**. Mr. Morgan may file a response by **September 29, 2006**. No reply shall be filed.

4. Defendant Joseph Arpaio's motion for protective order (Doc. #179) is **denied without prejudice**.

DATED this 31st day of July, 2006.

_____
David G. Campbell
United States District Judge