**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendants. | No. CV-04-2873 PHX-DGC<br><br>**ORDER** |

Defendants have filed a Motion to Strike Plaintiffs' Supplemental Expert Report of Dr. Burstein. Dkt. #120. Plaintiffs have filed a response and Defendants have filed a reply. Dkt. ##136, 144.

The Court set a deadline of April 14, 2006, for the parties to provide "full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure." Dkt. #62. The Court subsequently set a deadline of May 22, 2006, for Defendants to file an expert report by Dr. Hammer. Dkt. #108. The Court gave Plaintiffs until June 16, 2006 to file a rebuttal report. *Id*.

Defendants contend that any attempt by Dr. Burstein to supplement his expert report after April 14, 2006, will be untimely. Plaintiffs contend that Dr. Burstein's supplemental opinion will in part constitute a timely rebuttal to Dr. Hammer's report. Because Defendants chose to file their motion before Dr. Burstein's supplemental report was produced, however, the Court has no copy of the report and cannot determine whether Dr. Burstein expressed any

opinions after April 14, 2006 that were not in rebuttal to Dr. Hammer's opinions. Similarly, Defendants' reply suggests that their own expert, Dr. Hammer, intends to file a supplemental report. Dkt. #144. The nature and extent of this report is not addressed by the parties.

The Court intends to enforce the expert disclosure deadlines. With the exception of Dr. Hammer, full and complete expert reports were required by April 14, 2006. Dkt. #62. The parties had ample time to conduct the discovery necessary to produce complete reports by this date. Dr. Hammer's full and complete expert report was due by May 22, 2006. Dkt. #108. Defendants were permitted to file a rebuttal report by June 30, 2006 (*id.*), but the Court has made clear in this case that "[r]ebuttal experts shall be limited to responding to opinions stated by initial experts." Dkt. #62. Moreover, the Court specifically advised the parties that "Supplementation of these expert reports will not be permitted absent agreement of both parties. Thus, full and complete expert disclosures must be made by the dates set forth above." *Id*.

Because the parties' briefing does not describe the supplemental reports that have been attempted, the Court cannot determine which reports will be permitted at trial. Defendants' motion to strike will be denied as premature, and the parties will be required to address these issues in motions in limine. The parties are informed, however, that the Court intends to enforce the deadlines and its previous orders.

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Supplemental Expert Report of Dr. Burstein (Dkt. #120) is **denied** as premature.

DATED this 25th day of October, 2006.

_____
David G. Campbell
United States District Judge

- 2 -