**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendants. | No. CV-04-2873 PHX-DGC<br><br>**ORDER** |

Defendants have filed a Motion to Exclude Toni Bair Testimony and Report Pursuant to Rule 702. Dkt. #206. Plaintiffs have filed a response and Defendants have filed a reply. Dkt. ##220, 244.[1] The Court has reviewed the memoranda filed by the parties, Mr. Bair's expert report, the expert report of defense witness Gary DeLand, and various documents and deposition excerpts submitted by the parties. For the reasons set forth below, the Court will deny the motion.[2]

---

[1] Defendants' reply states that they have filed a separate motion to strike Plaintiffs' response. Dkt. #244 at 1. The Court has found no such motion in the docket.

[2] The Court will deny Plaintiffs' request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.,* 171 F.3d 1197, 1200 (9th Cir. 1999).

Expert testimony is admissible if it will "assist the trier of fact to understand the evidence or to determine a fact in issue," if the witness is "qualified as an expert by knowledge, skill, experience, training, or education," and if the proposed testimony is sufficiently reliable. Fed. R. Ev. 702; *Daubert v. Merrell Dow Pharms, Inc.,* 509 U.S. 579, 590 (1993). Mr. Bair's proposed testimony satisfies these requirements.

**1.     The Proposed Testimony Is Relevant.**

Mr. Bair opines on whether Defendants' operation of the jail fell below the applicable standards of care, whether Defendants demonstrated deliberate indifference in the operation of the jail, and whether the Defendants' actions led to the death of Phillip Wilson. This testimony clearly touches on central issues in the case. Moreover, because jail operation procedures generally are beyond the ken of the average juror, expert testimony on these issues will assist the jury in understanding the evidence or determining facts in issue.

**2.     Mr. Bair Is Qualified.**

Mr. Bair has more than 30 years of experience in the operation of correctional facilities. He has worked as a consultant and expert witness on correctional matters since 1987. He served as the assistant commissioner of the New York City Department of Corrections from 1990 to 1992, regional administrator for the Virginia Department of Corrections from 1986 to 1990, warden of the Mecklenburg Correctional Center in Boydton, Virginia in 1985 and 1986, warden of the Utah State Prison from 1983 to 1985, prison investigator at the Utah State Prison in 1982 and 1983, captain at the Utah State Prison from 1979 to 1982, and manager of a maximum security facility from 1978 to 1979. He was also a probation officer and supervisor in juvenile facilities for six years in the 1960s and 1970s.

Mr. Bair has Ph.D.-equivalent degrees in public administration (with a criminal justice major) and sociology (with a criminology emphasis). He has been an assistant or adjunct professor at four universities on criminal justice topics, an instructor and teacher for various correctional organizations, a consultant on correctional matters in several states, and has appeared as an expert witness in a large number of cases. The Court finds that Mr. Bair is qualified to opine on the correctional facility operations issues in this case.

### 3. Mr. Bair's Testimony Is Sufficiently Reliable.

Expert testimony is sufficiently reliable for admission "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product or reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Ev. 702. The Court will address these requirements separately.

First, the Court concludes that Mr. Bair's opinions are based on sufficient facts or data. Attached as Exhibit C to his expert report is a 94-item list of the facts and documents considered in forming his opinions. Mr. Bair also considered the deposition testimony of 15 witnesses and other documents, photographs, and videotapes provided by Plaintiffs' counsel. Mr. Bair has considered the reports written by Defendants and their employees in connection with the death of Phillip Wilson, the depositions of key witnesses, and other information concerning the policies and operations of the jail. The factual sources relied upon by Mr. Bair are cited throughout his 20-page expert report dated May 12, 2006.

Defendants argue that Mr. Bair has relied on incomplete information, but in making this argument Defendants focus on discrete factual issues. For example, Defendants contend that Mr. Bair did not know the number of inmates in the yard or the staff-to-inmate ratio at the time of Mr. Wilson's beating. In fact, however, Mr. Bair directly considered the likely number of inmates present and the location and number of staff during the events in question. Although Defendants believe that Mr. Bair got some of this information wrong, that is a matter for cross-examination and argument to the jury. It does not demonstrate that Mr. Bair's testimony is based on insufficient facts or data for purposes of Rule 702.

Second, the Court concludes that Mr. Bair's testimony is the product of reliable principles and methods. Operation of the jail is not a scientific process subject mathematical measurements or laboratory analyses. Mr. Bair's opinions, like those of Defendants' expert, necessarily are based on years of experience and training. Mr. Bair does not purport to have applied scientific formulas or testing methods that are subject to laboratory verification or peer review. His testimony is based on analysis of the facts he considers relevant in light of his experience and training. As the Ninth Circuit has noted, "[t]he *Daubert* factors (peer

1 review, publication, potential error rate, etc.) simply are not applicable to this kind of
2 testimony, whose reliability depends heavily on the knowledge and experience of the expert,
3 rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160,
4 1169 (9th Cir. 2000). Mr. Bair is qualified to opine on the issues addressed in his expert
5 report, he has reviewed relevant facts and data, and the application of his expertise to these
6 facts and data is a sufficiently reliable method to pass muster under Rule 702.

7 Finally, the Court concludes that Mr. Bair has applied his principles and methods
8 reliably to the facts of the case. Mr. Bair addresses the facts of the case in detail – in fact,
9 in more detail than does defense expert DeLand in his report of August 11, 2005. Mr. Bair's
10 analysis is based on events that occurred on the day in question as revealed by documents
11 and testimony produced by Defendants and witness depositions. To these facts Mr. Bair
12 applies his expertise in the operation of correctional facilities, opining that Defendants'
13 actions in this case fell below the standard of care and resulted in Phillip Wilson's death.

14 Defendants vigorously disagree with Mr. Bair's opinions. They argue that he is
15 relying on unknown secondary sources, that he is disregarding relevant facts, that he is
16 relying inappropriately on *Flanders v. Maricopa County*, 54 P.3d 837 (Ariz. Ct. App. 2002),
17 and that some of his facts are inaccurate. These arguments certainly are appropriate subjects
18 for cross-examination, rebuttal expert testimony, and jury argument, but they do not so
19 undercut the testimony of Mr. Bair as to render it inadmissible under Rule 702. Because the
20 Court finds that Mr. Bair is a qualified witness on the subject he addresses, has considered
21 sufficient facts, has applied his expertise to those facts, and has done so in a reasonably
22 reliable manner, it is for the jury to decide whether to accept his opinions or those of defense
23 expert DeLand. Defendants' motion will therefore be denied.

24 The Court is not ruling that every opinion Mr. Bair might provide at trial is
25 admissible. Defendants will be free to object on the basis of relevancy, foundation, Rule 403,
26 or other grounds, and the Court will rule on the objections as they are made. The Court holds
27 only that Mr. Bair's opinions satisfy the general requirements of Rule 702 and that Mr. Bair
28 may therefore testify at trial.

**IT IS ORDERED** that Defendants' Motion to Exclude Toni Bair Testimony and Report Pursuant to Rule 702 (Dkt. #206) is **denied**.

DATED this 26th day of October, 2006.

*David G. Campbell*
_____
David G. Campbell
United States District Judge