**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Maricopa County, a public entity, et al.,<br><br>Defendants. | No. CV-04-2873 PHX-DGC<br><br>**ORDER** |

The parties have filed memoranda concerning the assertion of the deliberative-process and attorney-client privileges during the deposition of David Hendershott on June 27, 2006. Dkt. ##208, 216. In addition, Plaintiffs have filed a Motion to Strike Hendershott's Deposition Correction Sheet. Dkt. #231. Defendants have responded and Plaintiffs have replied. Dkt. ##253, 271. This order will rule on the assertions of privilege during the Hendershott deposition, will deny the motion to strike, and will require that Mr. Hendershott appear for an additional deposition, not to exceed two hours, at the expense of Defendants.

**A. Privilege Assertions.**

Exhibit 1 to Plaintiffs' memorandum (Dkt. #208) sets forth 45 numbered categories of questions and answers from the Hendershott deposition. The Court will address each of these categories by the number assigned to it in Exhibit 1.

1. Plaintiffs may ask follow-up questions on the corrected answer provided by Mr. Hendershott at page 70, line 21.

2. Defendants' objection is sustained due to the vagueness of the questions.

3. No additional questioning will be permitted. The witness answered the question.

4. No additional questioning will be permitted. The witness answered the question.

5. No additional questioning will be permitted. The witness adequately answered the question through his corrected answer at page 84, line 19.

6. No additional questioning will be permitted. The witness adequately answered the question through his corrected answer at page 84, line 19.

7. Plaintiffs will be permitted to ask follow-up questions to Mr. Hendershott's corrected answer at page 87, line 3.

8. Defendants' objection is overruled. The question excluded information obtained from the Liebert Report or counsel. The witness must either answer the question or, if another privilege is asserted, "describe the nature of the . . . communications . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).

9-11. The Court will not grant relief to Plaintiffs. Plaintiffs failed to provide the Court with a copy of Exhibit 229 which is the subject of the questioning. (Or, if a copy was provided, Plaintiffs failed to identify its location in the voluminous briefing submitted in this case.)

12. Defendants' objection is overruled. The questioner made clear that Exhibit 229 was not the subject of the question. The witness will be required to answer.

13. Defendants' objection is overruled. The questioner made clear that Exhibit 229 was not the subject of the question. The witness will be required to answer.

14. Defendants' objection is overruled. The questioner made clear that Exhibit 229 was not the subject of the question. The witness will be required to answer.

15-19. The questioner excluded attorney communications, but the witness still refused to answer on privilege grounds without specifying the parties to any deliberative-process

1    communication. The witness will be required either to answer the question or specify the
2    basis for the assertion of privilege in conformity with Rule 26(b)(5).

3        20.    Plaintiffs will be permitted to ask follow-up questions to Mr. Hendershott's
4    corrected answer at page 208, line 4.

5        21-22. The questions in this paragraph excluded reference to the Liebert Report. The
6    witness must either respond to the question or specify the basis for the assertion of privilege
7    in conformity with Rule 26(b)(5).

8        23.    Plaintiffs' objection is sustained.

9        24.    The witness responded to these questions in later testimony. No additional
10   questioning will be permitted.

11       25.    Defendants' objection is sustained.

12       26.    Defendants' objection is sustained.

13       27.    The question was answered. No further questions will be permitted.

14       28.    The question was answered. No further questions will be permitted.

15       29.    The witness will be required either to answer the question at page 224, lines
16   5-9, or specify the basis for the privilege in accordance with Rule 26(b)(5).

17       30.    The witness will be required either to answer the question at page 226, lines
18   10-16, or specify the basis for the privilege in accordance with Rule 26(b)(5).

19       31.    The witness will be required either to answer the question at page 227, lines
20   4-6, or specify the basis for the privilege in accordance with Rule 26(b)(5).

21       32.    The witness will be required either to answer the question at page 228, lines
22   11-14, or specify the basis for the privilege in accordance with Rule 26(b)(5).

23       33.    The witness will be required either to answer the question at page 231, lines
24   2-4, or specify the basis for the privilege in accordance with Rule 26(b)(5).

25       34.    Plaintiffs will be permitted to ask follow-up questions to Mr. Hendershott's
26   corrected answer at page 232, line 15.

27       35.    Plaintiffs will be permitted to ask follow-up questions to Mr. Hendershott's
28   corrected answer at page 232, line 23.

36. The questioning does not called for privileged communications. The witness will respond to these questions.

37. Mr. Hendershott will either answer the question at page 236, lines 4-7, or specify the basis for the privilege in accordance with Rule 26(b)(5).

38. The witness will either answer the question at page 236, lines 21-24, or specify the basis for the privilege in accordance with Rule 26(b)(5).

39-40. The witness answered the question of whether he reviewed the *Flanders* opinion point-by-point with Sheriff Arpaio (page 239, line 21 through page 240, line 1). The witness will not be required to answer the argumentative question at page 240, lines 4-8.

41. The witness will either answer the question at page 244, lines 7-10, or specify the basis for his assertion of privilege in accordance with Rule 26(b)(5).

42. The witness shall answer the question. It does not call for privileged communications.

43. The witness will either answer the question at page 246, line 25 through page 247, line 3, or specify the basis for the privilege in accordance with Rule 26(b)(5).

44. The witness will either answer the question at page 250, lines 23-24, or specify the basis for his assertion of privilege in accordance with Rule 26(b)(5).

45. The questioner excluded attorney-client communications. The witness will either answer the question at page 278, lines 20-24, or specify the privilege asserted in accordance with Rule 26(b)(5).

**B.      Motion to Strike.**

The Court will deny Plaintiffs' motion to strike. Mr. Hendershott's corrections to his deposition were made in accordance with Rule 30(e) of the Federal Rules of Civil Procedure. As indicated above, however, the Court will permit Plaintiffs to ask follow-up questions to some of the corrections.

**C.      Sanctions.**

These issues arose out of a conference call with the Court on July 12, 2006. Dkt. #209. The Court specifically advised the parties that it was going to permit the re-deposition

1   of Mr. Hendershott at the expense of the County if assertions of the privilege were not well
2   taken. *Id*. As set forth above, the Court concludes that Plaintiffs should be permitted to
3   inquire into a number of areas in a second deposition. The County will be required to pay
4   the expenses of the deposition, including the cost of the court reporter and two hours of
5   attorneys' fees for one Plaintiffs lawyer conducting the questioning. The County will not be
6   required to pay the costs of any videotaping arranged by Plaintiffs. If, after the second
7   deposition, the parties cannot agree on the amount of costs to be paid pursuant to this order,
8   they will place a conference call to the Court. The second deposition of Mr. Hendershott
9   shall occur within 45 days of this order.

10  **IT IS ORDERED** that Plaintiffs' Motion to Strike Hendershott's Deposition
11  Corrections Sheet (Dkt. #231) is **denied**.

12  DATED this 26th day of October, 2006.

_____
David G. Campbell
United States District Judge