Daniel P. Struck, Bar #012377
Shannon M. Ivanyi, Bar #018403
Christina Retts, Bar #023798
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7811
dstruck@jshfirm.com
sivanyi@jshfirm.com
cretts@jshfirm.com

Attorneys for Defendants, *Joseph M. Arpaio and Ava Arpaio, Curtis and Maricopa County*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Pearl Wilson, Personal Representative of the Estate of Phillip Wilson, deceased; Terry Wilson and Pearl Wilson, surviving parents of Phillip Wilson,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County, et al.,<br><br>Defendant. | NO. CIV 04-2873 PHX-DGC<br><br>**DEFENDANTS' MOTION IN LIMINE #2 REGARDING *FLANDERS V. MARICOPA COUNTY*** |

Defendants, through counsel, move to exclude trial testimony and documents relating to *Flanders v. Maricopa County*, 203 Ariz. 368, 54 P.3d 837 (App. 2002). Such evidence must be excluded because it is irrelevant, remote in time, involves conditions not substantially similar and different parties, and is likely to result in confusion of the issues and prejudice to Defendants.

**I.    FACTUAL BACKGROUND**

In their Complaint, Plaintiffs assert that the County had knowledge of the alleged dangerous conditions in Tent City. Specifically, Plaintiffs allege that "[i]ndeed, in

1629338.1

2002, the Arizona Court of Appeals made specific findings of fact about these conditions in *Flanders v. Maricopa County*, 203 Ariz. 368, 54 P.3d 837 (App. 2002)." Plaintiffs' expert, Tony Bair, also discusses and interprets the *Flanders* decision. Additionally, in several of the depositions in this case, the deponents—correctional officers, were shown the *Flanders* opinion and were questioned.[1]

In *Flanders*, contrary to Plaintiffs' assertion, the Court of Appeals did not make specific findings of fact about the conditions in Tent City. Rather, the court was charged with reviewing the evidence to determine if there was evidence to support the jury verdict. *Id.* at 371. The evidence the court reviewed related to an assault, occurring in 1995—seven years before the incident forming the basis of the Wilson's lawsuit, in Tent City.

## II. LAW AND ARGUMENT

### A. Rules 401, 402, and 403 Preclude Introduction of the Proffered Evidence

In order to show notice, Plaintiffs must show that prior incidents occurred under conditions, and for reasons, substantially similar to the subject lawsuit. *See, Nelson v. Brunswick Corporation,* 503 F.2d 376 (9th Cir. 1974); *Burgbacher v. Mellor*, 112 Ariz. 481, 483, 543 P.2d 1110, 1112 (1975). Without this foundational showing of substantial similarity, such evidence prejudices the defendant. *Burbacher,* 112 Ariz. at 483, F43 P.2d at 1112.

Here, Plaintiffs cannot show substantial similarity between *Flanders* and the instant action. First, *Flanders* is remote in time as the assault in that case occurred in

---

[1] Defendants seek to preclude Plaintiffs from questioning any correctional officers about the *Flanders* decision. Correctional officers are not attorneys and as such are not qualified to interpret court opinions. Moreover, whether or not the correctional officers read or recall mention of the *Flanders* opinion is irrelevant. For training purposes, it is relevant only that the principles and issues present in a given case be discussed. For example, police officers receive training on the principles and nuances of the "knock and announce rule", but it is highly unlikely that they have read the litany of cases on this subject.

1995. Plaintiffs cannot show that the conditions existing in 1995 were similar to those existing in 2003. In fact, the evidence shows otherwise. For example, in *Flanders*, the court discussed allegations of dangerousness related to tent stakes, rocks, and staffing. Following *Flanders*, many changes were made to the Tents facility. The staffing levels and staffing posts were changed to add 38 Detention Officer and four supervisor positions. Additional security measures were also added, including: (1) a Stun Fence; (2) an interior fence; (3) two SkyWatch Towers; and (3) improved video surveillance. Air-conditioning was available to inmates, and there is no evidence of offices being fearful of being on the yards, thus avoiding contact with inmates. Further, the metal tent stakes Flanders was attacked with were replaced with wood stakes that were driven deep into the ground.[2] Here, unlike *Flanders*, an officer was stationed in a position to observe the yard, and immediately called for assistance moments following the attack.

Because substantial similarity cannot be proven, introduction of this evidence is likely to result in confusion of the issues and delay. Most importantly, the Defendants will be unfairly prejudiced by this evidence. Defendants are entitled to defend this case based upon its merits, not upon the merits of other cases. The type of evidence proffered by Plaintiff is especially prejudicial because the jury is likely to give more weight to it, in deference to the court, than other evidence. Additionally, the jury may use this evidence for a purpose strictly prohibited by the Federal Rules of Civil Procedure, to show action in conformity therewith.

---

[2] In this case, there is no evidence that tent stakes played any role in the assault. In fact, the evidence shows otherwise-that only hands and feet were used.

1629338.1                                         3

RESPECTFULLY SUBMITTED this 5th day of January 2007.

JONES, SKELTON & HOCHULI, P.L.C.


By   s/ Daniel P. Struck
    Daniel P. Struck
    Shannon M. Ivanyi
    Christina Retts
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Attorneys for Defendants, *Joseph M. Arpaio and Ava Arpaio, Curtis and Maricopa County*

Electronically filed this 5th day of January 2007.

**COPY** of the foregoing mailed this date to:

Michael C. Manning, Esq.
Sean B. Berberian, Esq.
Leslie E. O'Hara, Esq.
Stinson Morrison Hecker LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Plaintiffs *Wilson*


      s/ Carol S. Madden

1629338.1                    4