Michael C. Manning (#016255)
Mark E. Johnson (Missouri State Bar #25649)
Sean B. Berberian (#020775)
Leslie E. O'Hara (#005923)
John T. White (#022091)
**STINSON MORRISON HECKER LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4584
(602) 279-1600
Fax: (602) 240-6925
Email:  sberberian@stinsonmoheck.com
Attorneys for Plaintiffs

Daniel P. Struck (#012377)
Shannon M. Ivani (#018403)
**JONES, SKELTON & HOCHULI, PLC**
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
(602) 263-1700
Fax: (602) 200-7811
Attorneys for Defendants Maricopa County,
Maricopa County Sheriff's Office, Arpaio
and the Individual Detention Officers

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| PEARL WILSON, Personal Representative of the Estate of Phillip Wilson, deceased; TERRY WILSON and PEARL WILSON, surviving parents of Phillip Wilson,<br><br>    Plaintiffs,<br><br>v.<br><br>MARICOPA COUNTY, a public entity; MARICOPA COUNTY SHERIFF'S OFFICE, a division of Maricopa County; JOSEPH M. ARPAIO, Maricopa County Sheriff, and AVA ARPAIO, his wife; MARIA LEON and JOHN DOE LEON, her husband; MARK W. STUMP and JANE DOE STUMP, his wife; ROCKY | No. CV-04-2873-PHX DGC<br><br>**JOINT PROPOSED VOIR DIRE QUESTIONS**<br><br>(Assigned to the Honorable David G. Campbell) |

1  | MEDINA and JANE DOE MEDINA, his )
2  | wife; MICKIE CURTIS and JANE DOE )
   | CURTIS, his wife; JOHN DOE )
3  | OFFICERS I-X; JANE DOE OFFICERS )
   | I-X; JOHN DOE SUPERVISORS I-X; )
4  | JANE DOE SUPERVISORS I-X; JOHN )
   | DOES I-X; JANE DOES I-X )
5  |                            )
   |               Defendants.  )
6  | _____ )

7    The parties hereby propose that the following questions be posed to the jury

8  panel during voir dire.  As per the Court's Order, objections are noted underneath the

9  relevant question, with the objecting party designated as follows:  Plaintiffs, the Wilsons

10 and the Estate of Phillip Wilson ("Plaintiffs"); Defendants Maricopa County, Sheriff

11 Arpaio on behalf of the Maricopa County Sheriff's Office, Sheriff Arpaio, personally,

12 and Sgt. Curtis (Defendants).

13 **<u>PLAINTIFFS</u>**

14    1.    Plaintiffs are Pearl Wilson and Terry Wilson.

15          •    Do any of you know Mr. or Mrs. Wilson?

16    2.    The Plaintiffs have filed this suit because they believe the actions and

17          inactions of the defendants caused the death of their son Phillip Wilson.

18          Phillip was assaulted by other inmates while in Tent City Jail in July,

19          2003 and died of his injuries four months later.  Defendants deny his death

20          was their fault.

21          •    Did any of you know Phillip Wilson before his death?

22          •    Do you know either of his brothers?

23               Scott Wilson

24               Jeffrey Wilson

25    3.    Are any of you familiar with an organization called "Mothers Against

26          Arapio?"  If yes, please explain.

4.     What are your thoughts about Mothers Against Arpaio?

**DEFENDANTS**

5.     Plaintiffs allege in this lawsuit that several defendants caused Phillip Wilson's death; those defendants are:

- Sheriff Joe Arpaio

- Sheriff Arpaio on behalf of his office, the Maricopa County Sheriff's Office

- Maricopa County

- Sgt. Mickie Curtis

**Defendants' Objection:   Object to the use of "Sheriff Arpaio on behalf of his office, the Maricopa County Sheriff's Office."   The Sheriff's Office is not a defendant or a jural entity and this Court has ruled that it is not.   It is clear that Sheriff Arpaio is the Sheriff of Maricopa County and to the extent that the jurors need to know that he is being sued both in his individual and official capacity, the Jury Instructions clearly explain that.**

6.     Do you know any of the defendants?

**FAMILIAR WITH DRUGS?**

7.     If a person uses drugs do you believe that they are at fault no matter what happens to them?

**Defendants' Objection: This question is too speculative and vague.  It can encompass too many scenarios and most jurors will simply say no just to avoid having to think about it.**

8.     Do you believe that a person who uses drugs deserves the same protections of the law as other people?

**Defendants' Objection:  Too speculative and vague.  Drugs can refer to prescription drugs and as in number 5, this question encompasses so many scenarios that it would be difficult to answer.**

9.     Do you know anyone who has experimented with or used illegal drugs?

3

- Who?

- For how long?

- Frequency?

- Receive treatment?

- Type of drug?

- Is there anything about that experience that might make you more sympathetic to the plaintiffs or defendants in this case?

- Please explain.

10. Do you know anyone who has suffered from alcohol or drug addiction?

- Who?

- For how long?

- Frequency?

- Receive treatment?

11. Do you believe that all people who use illegal drugs are drug addicts?

12. Do you feel that people with drug or alcohol problems are generally mistreated in our society?

- If "Yes," please explain.

13. Do you feel that people with drug or alcohol problems are generally given too many breaks, coddled, or are otherwise given breaks from the "usual rules" as a result?

- If "Yes," please explain.

**Defendants' Objection: This question is speculative, vague and redundant. What does "usual rules" mean?**

14. Who here believes that people who are addicted to drugs or alcohol are victims of their addiction?  Tell me why you think that is.

4

15.    Have you had any personal experience with people who used illegal drugs?

   ●    Tell us about that experience.

## JAILS AND LAW ENFORCEMENT

16.    Phillip was beaten by other inmates while incarcerated in Tent City and later died as a result of the injuries he received in that beating.  Plaintiffs allege that the defendants, including the Sheriff and his detention officers caused Phillip's death by breaching the standard of care, failing to protect him, and being deliberately indifferent in the manner in which they provided for the care and custody of inmates, such as Phillip.

   ●    Can you fairly and impartially decide this type of case?

   **Defendants' Objection:  This is not a proper Voir Dire question.  This is more akin to an opening statement, and almost argument.**

17.    Plaintiffs also allege that the defendants Sheriff Arpaio, Maricopa County Sheriff's Office, and Maricopa County, caused Phillip's death by failing to properly supervise and train their jail employees.

   ●    Can you fairly and impartially decide this type of case?

   **Defendants' Objection:  This is not a proper Voir Dire question.  This is more akin to an opening statement, and almost argument.  Furthermore, this suggests that the Sheriff's Office is a defendant, which it is not as this Court has already ruled on two occasions.**

18.    Do you know anyone who has been convicted of a crime?

19.    Do you believe that you could fairly evaluate the testimony of someone who has been convicted of a crime?

20.    Have you ever been arrested?

   ●    Who?

   ●    Where?

5

- For what?

- Result?

- Was it a frightening experience?

- Your response to the experience?

21. Do you know anyone who has been arrested and/or gone to jail?

- Who?

- Where?

- For what?

- Result?

- Your response to the experience or learning of the experience?

22. Have you ever watched someone being arrested?

- Who?

- Where?

- For what?

- Result?

- Describe your reaction.

23. Do you know anyone who has been arrested and/or gone to jail?

24. Your response to the experience or learning of the experience?

- Who?

- Where?

- For what?

- Result?

- Describe your reaction.

6

- Your response to the experience or leaning of the experience?

25. Have you ever been inside a jail or prison?

- Please describe.

26. Do you believe that if a person is arrested he is guilty of a crime?

27. Have you ever summoned a law enforcement officer or agency?  Please describe.

28. Do you believe that law enforcement officers or detention officers are more trustworthy than other people?

- Should they be given the benefit of the doubt if their conduct is challenged?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.  Moreover, this issue is addressed in jury instructions.**

29. Would you give greater credibility to the testimony of a jail guard and/or a detention officer than you would an inmate?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.  Moreover, this issue is addressed in jury instructions.**

30. Do you believe that inmates in a jail are less trustworthy than other people?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire. Moreover, this issue is addressed in jury instructions.  Furthermore, this suggests that Plaintiffs deserve a "large monetary award."**

- Would the fact that the decedent, Phillip Wilson, had been arrested and was an inmate in a jail impact your decision when rendering a verdict in this case?

7

- Would this impact your ability to award a large monetary award to Phillip Wilson's parents?

31. Do you believe there are situations where detention officers or law enforcement officers would not tell the truth?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.  Moreover, this issue is addressed in jury instructions.**

32. Do you believe that inmates in jail are treated too lightly?

- How so?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.  Moreover, this issue is addressed in jury instructions.**

33. Have you, any member of your family, or any close friends, filed a written complaint or made an oral complaint against any police officer, Sheriff's deputy, or detention officer?

- If so, please explain the circumstances.

34. Have any of you filed a complaint or claim against a government entity such as a town, city, county, or state?

- If so, please explain the circumstances.

35. Have you or any person close to you ever had a verbal or physical confrontation, or an otherwise unpleasant experience, with a law enforcement officer?  Please describe.

36. Have any of you, your family members, or close friends been employed by any Sheriff's office, jail, prison, police department, private security firm, or other law enforcement agency?

- Who?

8

- Employed by whom?

- Where?

- How long?

- Position?

- What was your or their experience like with that department, firm or agency?

37. Do you, any family member, or close friends work for or with Maricopa County, Maricopa County Sheriff's Office, or Sheriff Arpaio?

- Who?

- How long?

- Position?

- What was your or their experience like?

38. Have you, any family member, or close friends ever worked with any law enforcement officer or agency?

- Who?

- For whom?

- How long?

- Position?

- Please explain your experience.

39. Do you, any family member, or close friends volunteer as posse members for the Maricopa County Sheriff's Office?

- Who?

- How long?

- Position?

40.   Have you or any family member ever been arrested and taken to a Maricopa County Jail?  Details.

41.   Does anyone know any persons who have been arrested and taken to a Maricopa County or any other county Jail?  Details.

42.   Do you, any family member, or friend have any experience at training in corrections or law enforcement?

   ● If so, please describe.

43.   Do you, any family member, or friend work in corrections or law enforcement in any capacity?

   ● If so, where?

   ● How long?

   ● In what capacity?

44.   If the evidence in this case suggests to you that the jail guards and/or detention officers, the Sheriff, or the jail supervisors acted improperly and caused Phillip's death, do you believe you would be able to return a verdict in favor of the Wilsons?

   **Defendants' Objection: This is not the proper legal standard for liability and is an improper question for general Voir Dire. Furthermore, it requires a commitment on the part of the juror before they have even heard the evidence.**

45.   Do you believe that the Sheriff, the detention officers and the administration of the jail have a duty to protect the inmates in their custody from assault by other inmates?

   **Defendants' Objection: This calls for the jury to give a legal opinion without having an opportunity to be instructed on such. Furthermore, this may lead to poisoning the jury panel and is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.**

46.   If the evidence in this case suggests to you that Mr. Wilson or other

inmates caused or contributed to his death do you believe you would be able to return a verdict in favor of defendants?

47.   Have you read or heard anything about inmate on inmate assaults in jails?

- How about regarding Maricopa County jails?

- What did you hear or read?

- What are your feelings about it?

48.   Do you recall receiving, from sources such as the newspaper, television or radio, any information regarding their complaints about, or cases against, any of the defendants?

49.   Do you believe that a jail guard and/or detention officer would never lie under oath?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.**

50.   Do you believe that jail guards and/or detention officers should be given the benefit of the doubt when their conduct is challenged and there is a dispute over what they did?

51.   Do you believe that a lawsuit against jail guards and/or detention officers might improve safety and conditions by impacting those officers who might engage in improper conduct?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.  Suggests that lawsuit was brought to improve safety and it was not.**

52.   Do you recall receiving, from sources such as the newspaper, television or radio, any information regarding other complaints about, or cases against, any of these defendants?

- Please explain.

11

53.   Do you agree with the principle that a person should be able to recover for damages if he is deprived of his civil rights?

**Defendants' Objection:   This is improper Voir Dire and more appropriately addressed in a jury questionnaire.**

54.   Have you ever been the victim of a physical assault by someone?

- Please describe.

- Were you frightened?

55.   In general, what is your opinion of the prison or jail system in our country?

56.   In general, what is your opinion of the prison or jail system in Arizona?

57.   In general, what is your opinion of the way that prisoners or inmates are treated in our prisons or jails?

58.   In general, what is your opinion of prison guards and/or detention officers both in their qualifications and the way they are trained to deal with inmates or prisoners?

59.   In general, what is your opinion of Sheriff Arpaio's policies toward our County jails?

60.   Are you aware of other lawsuits or cases related to the treatment of prisoners or inmates in County jails?  Since there have been a number of lawsuits related to the treatment of prisoners and inmates, do you tend to believe that Maricopa County has a problem with its jail system or its Sheriff?

61.   Have you seen movies that involve prisons or jails (Shawshank Redemption, The Longest Yard, etc.)?  Do you think that is how prisons, jails and guards really operate?

**Plaintiffs' Objection:  Object to the relevance of this question and/or to its need in Voir Dire.**

12

62. Does anyone here think that people with minor criminal offenses are unfairly prosecuted and treated like harder criminals with more serious offenses?  Tell me a little about that.

63. Does anyone here think that minor offenders should be put in different jails or supervised more carefully to see that they are not harmed by other prisoners or inmates?

64. Who here thinks that prison guards, detention officers or yard supervisors should be able to foresee and prevent most violent attacks on prisoners?

65. Who here thinks that, once a prisoner or inmate is attacked, the guards or detention officers do not really care if a prisoner or inmate is seriously hurt or even dies from the attack?

66. Despite the law and evidence, how do you think County prison guards, detention officers and supervisors should be trained to deal with attacks within the prison or jail?

67. Do you think that we have enough guards in prisons and jails to maintain the prison or jail population and keep them safe? Why or why not?

68. Do you think that if a County policy is not followed at a prison or jail facility, that the County is automatically negligent if someone is injured at that facility?

69. Do you think that our County jail system basically condones prisoner or inmate brutality against other inmates?  Why do you believe that?

**Plaintiffs' Objection:  Object to questions 62 – 69 as inflammatory and akin to the presentation of argument on the issues in the case.**

70. Has anyone here, either, themselves or someone close to them been the victim of someone else's negligence?  What happened?  Was anyone hurt?

**SHERIFF JOE ARPAIO**

71.    Maricopa County is a defendant in this case.  In general what is your feeling about how the County does in providing services to the citizens who live here?

- How do you think they do in maintaining public property in a safe condition?

- What is your opinion of the Maricopa County leadership?

- Would anyone say they have strong positive or negative feelings about Maricopa County or its leadership?

**Defendants' object to the use of the adjective "strong".**

72.    What is your opinion of Sheriff Joe Arpaio?

73.    Would anyone say they have strong positive or negative feelings about Sheriff Arpaio?

Have you ever expressed an opinion about Sheriff Arpaio or any of his policies or statements?  If so, what was that opinion?

74.    Sheriff Joe Arpaio, the Sheriff of Maricopa County, is a Defendant in this case.

- Do you know him personally or by reputation?

- Have you read his book?

**Defendants' request that panel be admonished not to obtain or read the book after questioning.**

75.    Have you read any of his statements or heard him speak?  What did he say?  Your impression?

76.    Are you aware of Tent City?  What do you think of it?

77.    Do you believe that inmates should not be housed in tents in Maricopa County?

78.     Are you aware of Sheriff Arpaio's stance on punishment of inmates in his jails?

●     Do you agree with his stance on punishment?

79.     Do you view Sheriff Arpaio as a politician or a law enforcement officer?

**Defendants' Objection:   This is irrelevant a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.   It is improper Voir Dire and may poison the jury panel in that it suggests that Sheriff Arpaio is only the Sheriff because of the political nature of the position.**

80.     Have you ever voted for or against Sheriff Arpaio?  When?  Can you tell us why you voted that way?

81.     Have you ever been a member of or worked on his campaign for office?

82.     Do you believe that Sheriff Arpaio could lie under oath?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.**

83.     Do you believe that there are circumstances where Sheriff Arpaio would not tell the truth to protect his office, his officers and Maricopa County employees?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.**

84.     Do you believe that a Sheriff should be given the benefit of the doubt when his conduct is called into question?

**Defendants' Objection: This may lead to poisoning the jury panel. This a very personal question that is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.**

85.     Can you be fair in evaluating the evidence between the Plaintiffs, residents of Maricopa County, and Sheriff Arpaio?

**Defendants' object to singling out Sheriff Arpaio, we suggest the generic term Defendants used instead.**

86.     Have you or any of your friends or family members had any unpleasant experience with the Maricopa County Sheriff's Office, Sheriff Joseph Arpaio, or any Sheriff's Officers?

- Please describe the experience and what made it unpleasant.

## STANDARD OF CARE

87.     Certain standards of care must be followed when inmates are in the care and custody of a Sheriff in a jail.  Are any of you familiar with those standards?

**Defendants' Objection: This calls for the jury to give a legal opinion without having an opportunity to be instructed on such. Furthermore, this may lead to poisoning the jury panel and is more appropriately addressed in a separate jury questionnaire, not general Voir Dire.  Finally, this issue and similar ones will be addressed within the jury instructions and this is improper Voir Dire.**

## KNOW LAWYERS FOR THE FAMILY

88.     Mike Manning

Leslie O'Hara

Mark Johnson

John T. White

They all practice law with the law firm of Stinson Morrison Hecker LLP, a firm in Phoenix, Kansas City, and other cities.  Does anyone have a relationship with that firm or is anyone a client of that firm?

## KNOW LAWYERS FOR THE DEFENDANTS

89.     Daniel Struck

Shannon Ivanyi

They practice with the law firm of Jones Skelton & Hochuli, P.L.C. of Phoenix. Does anyone have a relationship with any of these lawyers, the firm or  is anyone a client of this firm?

**KNOWLEDGE OF THE CASE**

90.   Does anyone have any personal knowledge regarding the death of Phillip Wilson or any other inmate in a jail or prison facility or police custody?

91.   Does anyone recall seeing or hearing any television or radio reports or reading any newspaper or magazine articles, websites or blogs about these types of cases?  If yes, what did you see, hear or read? What opinions did you form or express as a result of these reports or stories?

92.   Has anyone read any newspaper articles regarding this lawsuit?

**WITNESSES/NAMES YOU MAY HEAR**

93.   The parties have retained several expert witnesses and/or professionals who will give various testimony regarding the issues in this case.  Does anyone know:

- Toni Bair

- Alvin Burstein, M.D.

- David McPhee, Ph.D.

- Richard Trepeta, M.D.

- Gary Deland

- Jill Hayes Hammer, Ph.D.

Does anyone know these experts or professionals or know of them by reputation?

**MEDICAL HISTORY**

94.   Has anyone had or known anyone that has had, including friends and family members, life threatening illnesses?

- Was this a chronic illness or acute illness?

- Reaction?

- How has it influenced your life?

17

- Will it affect how you view this matter?

95. Has anyone had or known anyone that has had, including friends and family members, long term illness?

- What was your or their reaction?

- How has this affected your life?

- Will it affect your view of the case?

96. Has anyone had or known anyone that has had, including friends and family members, long term drug abuse?

- What was your or their reaction?

- How has this affected your or their life?

- Affect your view of the case?

97. Has anyone had or known anyone that has had family members have any disabilities or mental impairments?

- What was your or their reaction?

- How has this affected your or their life?

- Affect your view of the case?

98. Family members – Long term drug or alcohol abuse?

- What was your or their reaction?

- How has this affected your or their life?

- Affect your view of the case?

99. Has anyone had or known anyone that has had, including friends and family members, any recent deaths in the family.

- What was your or their reaction to the death?

- How has this affected your or their life?

18

- Will it affect your view of the case?

100. Children – adult child was killed in the case

- Experienced the death of a child, of any age?

- Age?

- Circumstances?

- Reaction?

- How has this affected your life?

- Affect your view of a case like this?

101. Know anyone who has suffered the loss of a child?  Details.

- What was your or their reaction?

- How has this affected their life?

- Affect your view of a case like this?

102. Have you experienced any significant losses in the past five years, such as a death, divorce, separation or the loss of a job?

- If "Yes," please explain.

**PRIOR INJURIES**

103. Have you or anyone close to you suffered from any type of accidental injury?  Details.

- Did you or they file suit?  Why or why not?

**Plaintiffs' suggest the inclusion of:**

- Did you feel it was wrong to file a lawsuit for this?

- Were you or they fully compensated?

- Were you or they fully recovered?

19

**PRIOR LITIGATION**

104.   Anyone ever been involved in any lawsuits?  Explain

- Type of case

- Plaintiff or Defendant

- Were you satisfied with the outcome?

- If any, how do you think your prior experience might affect your ability to sit as a juror in this case?

**Plaintiffs' suggest the inclusion of:**

- Would your experience affect your ability to be fair and impartial in this case?

**WORK HISTORY**

105.   Anyone laid off for a significant period of time?

- How did you react?

- What did you do to find a job?

**Defendants' Objection:  Object to relevance.**

106.   Anyone ever involved in any type of failed business?

**Defendants' Objection:  Object to relevance.**

107.   Have you ever served in the armed forces?  Please describe.

**CRIME VICTIMS**

108.   Have you, a family member, or close friend ever been a victim of a crime? Details.

109.   Have you, a family member, or close friend ever been the victim of a violent crime?  Details.

- Reaction?

- How has it affected your life or theirs?

- Affect your view of the case?

- Would your experience affect your ability to be fair and impartial in this case?

110. Have you, a family member, or close friend been the victim of wrongdoing by law enforcement personnel?

- Explain.

## CURRENT PERSONAL ISSUES

111. Does anyone have any personal issues that will prevent you from giving this case your full attention?

## TRAINING/EXPERIENCE IN:

112. Do you or any of your family members have any special knowledge, education, training or interest in any of the following:

- Law

- Medicine

- Criminal Justice

- Any healthcare field

- Economics

- Psychology

- Statistics

- Accounting

- Law enforcement or corrections

- If so, please explain.

## SUPERVISION

113. Jobs supervising other people.  Details.

- Rely on those other people?

- Expect them to do their job?

- Need to follow-up with everything <u>they</u> do?

- Ever feel frustrated – feel like you have to do someone else's job?

- Thought the other person should be doing their own job?

- Ever complain – felt like someone was not doing their job or pulling their own weight?

**Defendants' Objection:  While Defendants do not have an objection to the general question regarding whether the jury has ever had a job which required the supervision of other people and an explanation, Defendants do object to the subparts of the question as they are improper Voir Dire questions and more appropriately asked in a jury questionnaire.  Furthermore, it may poison the jury panel as to what Sheriff Arpaio's and Sgt. Curtis' duties and responsibilities should have been.**

114. Have you ever had a job where you were responsible for supervising or monitoring a facility, work area, building or physical plant?

- If yes, please explain.

**TRAINING**

115. Do you currently have or ever had a job wherein you were responsible for training other people?  If so, did you:

- What were your responsibilities and what was the training?

- Expect them to take your training seriously?

- Expect them to do their job the way they were taught?

- Need to follow-up with everything they did?

**FINANCES**

116. Who prepares their own tax returns?

22

117.   Who keeps their own checkbook?

118.   Who balances their checkbook?

119.   Who pays the bills?

120.   Who makes their own investments?

## HOME PURCHASE

121.   Who has purchased a home?

- What were you looking for?

- Did you do your own research or rely on a realtor?

## GENERAL BACKGROUND

122.   Please state your name and the city in which you live.

123.   Where do you work and what is your occupation?

- How long have you worked for this employer?   (If you are unemployed, please give the reason for your unemployment.)

124.   Are you married?  Does your spouse work?  Where does he/she work and what is his/her occupation?

125.   Do you have children?   If your children are adults, what are their educational backgrounds and occupations?

126.   What is the highest degree that you have attained in school?  What was your main area of study?

127.   Do you read books for pleasure?  If so, what are you currently reading or what have you recently read?

128.   How often do you read the newspapers?  Which ones do you regularly read?

129.   Does anyone regularly read the New Times?

130.   What magazines or periodicals do you read regularly?

23

131.   What are your hobbies, interests or activities?

132.   Are you a member of any organizations or clubs?  If so, please identify the organization(s) or club(s), and describe the extent of your involvement.

133.   Were you formerly a member of any other organizations or clubs?

134.   Do you have any bumper stickers on your car or cars?  What do they say?

135.   Does anyone on the panel have any license plate frames with a message? If so, what does it (do they) say?

136.   Does anyone on the panel have a vanity License plate?  If so, what does it (do they) say and what does it mean?

137.   Have you previously served on a jury?  Explain.

138.   Has anyone on the jury had family members serve on a jury trial?

- Explain.

## TRIAL WILL TAKE 6-7 WEEKS

**Defendants' General Objection:  This trial will not take 7-8 weeks, it will take 2-3, maximum.**

139.   It is anticipated that this case will take approximately 6-7 weeks to try.  Is there anyone that because of personal or family problems, your medical condition, vacation plans or any other reasons, whether it's been asked about or not, who does not believe they would be able to concentrate and devote their full attention to the evidence and instructions that you will receive during the next 6-7 weeks?

140.   Is there anyone who would find it difficult or impossible to devote as much time as necessary to deliberations in this case?

141.   Is there anyone who feels they would compromise their beliefs during deliberations after 6-7 weeks just to get the case over?

24

142.   For a moment I would like you to put yourself in the position of the plaintiffs, Pearl and Terry Wilson; given your feelings and reactions to what you have heard about the case during the voir dire process, are there any of you that feel if you were in their position, you would not want someone like yourself on this jury panel?

143.   Now, for a moment I would like you to put yourself in the position of the Defendants, Sheriff Arpaio, Ava Arpaio, Maricopa County and Sgt. Curtis; given your feelings and reactions to what you have heard about the case during the voir dire process, are there any of you that feel if you were in their position, you would not want someone like yourself on this jury panel?

**<u>FINDERS OF FACT</u>**

144.   The court decides the law in this case which you <u>must</u> follow.  However, you alone decide the facts.  You must assess each witness and decide what weight should be given to that testimony.  You must decide issues of credibility and reconcile differing testimony.  Ultimately you must decide what caused the death – you alone are the finders of fact.

- Is there anyone here, for any reason, who believes he or she cannot decide these difficult issues?

- Is there anyone who feels he or she could not stand independently and make these decisions on your own even if others disagreed?

145.   You must judge the credibility of each witness and accord their testimony the weight you believe appropriate – do you have any problems doing so?

- Is there anyone, for any reason, who believes they cannot judge the conduct of others?

25

146.   Based on what you know at this point, is there anyone here who feels that, on balance, you lean a little or maybe even a great deal towards the plaintiffs at this time?

147.   Which of you may feel like there should be a verdict in favor of the plaintiffs based just on what you know about the case?

148.   Does anyone feel that the defendants must have broken some rules leading to the death of Phillip Wilson?

149.   At the end of the case, the Wilsons will ask that you award a verdict in their favor and give them an award of money as damages for the loss of their child, Phillip.

- Is everyone prepared to do that if the law and the facts require that they should be compensated for the death of Phillip?

**Defendants' Objection: This is not an impartial question and is improper Voir Dire. Furthermore, it requires a commitment on the part of the jury which is also inappropriate. It should not be allowed unless the counter question is also permitted.**

- Is there anyone who regardless of the evidence could not award damages in the millions of dollars?

**Defendants' Objection: This is not an impartial question and is improper Voir Dire. Furthermore, it requires a commitment on the part of the jury which is also inappropriate. Also, it assumes that the Plaintiffs are entitled to an award, and that the award should be in the millions of dollars. In addition, this question is duplicative and redundant – See questions 117-119.**

150.   The Wilsons may also ask that you award punitive damages against certain defendants in this case.

- Is everyone prepared to do that if the law and facts require that those defendants be punished for their conduct?

**Defendants' Objection: This is not an impartial question and is improper Voir Dire. Furthermore, it requires a commitment on the**

**part of the jury which is also inappropriate.  Also, this issue will be covered by jury instructions, which this Court has not yet determined.**

151.   Are there any of you who would have any reservations in making an award of no damages, that is, a verdict of $0 to plaintiffs if they failed to prove all necessary aspects of the case?

152.   Would any of you expect the defendants to prove the plaintiffs wrong? That is, which of you would require the County to prove that their actions were appropriate, even if the Court instruct you that the plaintiffs have the burden of poof?

153.   Do you feel that there is any reason that you could not be fair to both sides in this case?

154.   Do you believe that, given the fact that one of the defendants is Maricopa County, it should pay for what happened to the plaintiffs no matter what the evidence shows?

155.   Do you believe that, given the fact that one of the defendants is Sheriff Arpaio, he should pay for what happened to the plaintiffs no matter what the evidence shows?

156.   Do you feel that it would be easier for you to award money to the plaintiff when one of the defendants is Maricopa County than when the defendant is a person?

157.   The defense presents its case after all the evidence is presented by the plaintiffs.  Would any of you not be able to wait until the defense has had a chance to present its case before making up your mind?

158.   Do you believe that, given the fact that plaintiff Wilson's are individuals living in Maricopa County and that Phillip Wilson was an individual living in Maricopa County, that you should find for Defendant Maricopa County no matter what the evidence shows?

159. If you sat as a member of this jury, would you be able to set all sympathy and prejudice aside and decide this case on the facts and the law that is presented in this trial? Would any of you have any reservations in doing so?

**OTHER**

160. Based on all of the statements that have been made and what you have learned about this case through the voir dire process, I would like you to examine your own feelings and reactions to what you have heard and ask if there is anyone on the jury panel who, because of what you have heard or for any other reason, including any experiences that you have had, even though those may not have been inquired about during the voir dire process, is there anything about those experiences that would prevent you from being a fair and impartial juror in this case?

161. Based on what you know at this point, is there anyone here who feels that, on balance, you lean a little or maybe even a great deal towards the either plaintiffs or defendants at this time?

162. Do you all believe you could follow the laws that the court gives you even if you disagree with it?

163. Does anyone on the panel know anyone else on the jury panel?

164. Has anything occurred in your presence during voir dire that would prevent you from being fair and impartial

/ / /

/ / /

/ / /

28

RESPECTFULLY SUBMITTED this 12th day of January, 2007.

**STINSON MORRISON HECKER** LLP

By:     /s/ John T. White

Michael C. Manning
Sean B. Berberian
Leslie E. O'Hara
John T. White
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona  85004-4584

Mark E. Johnson
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2900
Kansas City, MO  64106-2150
Attorneys for Plaintiffs

**JONES, SKELTON & HOCHULI,** PLC

By:     /s/ Daniel P. Struck

Daniel P. Struck
Shannon M. Ivanyi
Timothy J. Bojanowski
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012

Attorneys for Defendants Maricopa
County, Maricopa County Sheriff's
Office, Arpaio and the Individual
Detention Officers

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on January 12, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

4

5

Daniel P. Struck
Shannon M. Ivanyi
Attorneys for Defendants

6

7

I hereby certify that on January 12, 2007, I served a courtesy copy of the attached document by mail, upon:

8

9

The Honorable David G. Campbell
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 130
Phoenix, Arizona  85003

10

11

12

13

 /s/ Nikki H. Brockman

14

15

16

17

18

19

20

21

22

23

24

25

26

DB02802452 0002/7394136.4